EDWARD M. DENNIS v. THOMAS C. SPENCE.

SUPREME COURT. *Obscure handwriting. Original not produced. Presumption.*

Where it is apparent that the proper determination of the case in the court below depended upon the correct reading of obscure handwriting upon an assessment roll, and the original is not brought before the supreme court, it will be presumed that the court below correctly read the same.

FROM the circuit court of Harrison county.

HON. GUION Q. HALL, Judge.

Spence, appellee, was plaintiff, and Dennis, appellant, defendant in the court below. The action was an ejectment.

The plaintiff claimed under a tax title; the land sued for was in section 14; the assessment roll offered in evidence was obscurely written, so that the parties differed as to whether the assessment of which the tax sale was predicated was of lands in section 14 or in section 4. A witness, the only one who testified on the subject, read the disputed portion of the writing as "14;" the circuit judge so read it, and gave a peremptory instruction for the plaintiff, and judgment was rendered according. The defendant insisted that the correct reading was "4," and appealed to the supreme court.

*T. V. Noland,* for appellant.

The tax deed describes the lots sued for as being in section "14." The assessment roll, and the particular assessment upon which the sale was based, describes lots of the same numbers in section "4," and not in section "14" at all. I contend, therefore, that there was no assessment of the lots in section "14," and that the pretended sale was void. Reference to the section is an essential part of the description of the land, and cannot be treated as surplusage. *McQueen* v. *Bush,* 76 Miss., 283.

*E. J. Bowers* and *McWillie & Thompson,* for appellee.

The copy of the assessment roll offered in evidence was and is written so as to leave some doubt as to whether the section is described as "14" or "4." It must be noticed, however, that the only witness who testified on the subject swore that it was "14"; the court below saw the roll, and, if it was obscure, this court will not, in the absence of the original of such a paper, reverse the judgment of the court below.

The tax deed is *prima facie* evidence of a valid assessment, valid in all particulars. The court below, by its peremptory instruction, read the roll as supporting the sale, and this is presumptively a correct reading of it. A roll of uncertain reading does not overthrow the *prima facie* case made by the deed, especially when read by the only witness who testified on the

subject and by the judge of the trial court as supporting the sale.

It cannot be said that the question of the correct reading of the roll should have been left to the jury. The roll was a writing and the court correctly interpreted it, and in this case, no doubt, interpreted it correctly.

This court, seeing from this record that there was a controversy in the court below as to the correct reading of the roll, will not reverse on a mere copy.

CALHOON, J., delivered the opinion of the court.

If the land was assessed as in section 4, appellee has no case; if as in section 14, appellant has no case. The assessment roll was before the judge, and the only witness before him read it as section 14. The purported copy of the assessment roll in the record shows unmistakably 14. A locating map in the record supposed to be designed as a *facsimile* of the roll shows unmistakably 4. But the judge saw the original, and this is the obstacle in appellant's way. We are not shown from the record how we can properly reverse his ruling on the fact. We are not furnished with the original.

*Affirmed.*